# CERTIFICATE OF SERVICE

I, **LAWRENCE U. TAUBE** (name), certify that service of this summons and a copy of the complaint was made **3/2/11** (date) by:

☑ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
NEIMAN MARCUS
1618 MAIN STREET
DALLAS, TX 75201

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date: **3/2/11**          Signature: _____

Print Name: **LAWRENCE U. TAUBE**
Address: **500 AUSTRALIAN AVENUE SOUTH, STE. 630**
City: **WEST PALM BEACH**  State: **FL**  Zip: **33401**

Form CGFI14 (12/1/09)

United States Bankruptcy Court
Southern District of Florida
www.flsb.uscourts.gov

Case Number: 09-37434-EPK

Adversary Number: 11-01724-EPK

In re:

**Name of Debtor(s):** Anita Mandal

--------------------------------------------------------- /

**Anita Mandal**

Plaintiff(s)

**VS.**

**Neiman Marcus**

Defendant(s)

--------------------------------------------------------- /

ALL DOCUMENTS REGARDING THIS MATTER
MUST BE IDENTIFIED BY <u>BOTH</u> ADVERSARY
AND BANKRUPTCY CASE NUMBERS

# SUMMONS AND NOTICE OF PRETRIAL/TRIAL
# IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 30 days, pursuant to BR 7012, after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

**Flagler Waterview Bldg**
**1515 N Flagler Dr #801**
**West Palm Beach FL 33401**

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney
Lawrence U Taube
500 So Australian Ave #630
West Palm Beach, FL 33401

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012. Pursuant to BR 7007.1, and Local Rule 7003-1(B)(2) corporate defendants must file a corporate ownership statement.

*Page 1 of 3*

## PRETRIAL CONFERENCE INFORMATION:

Date: May 12, 2011

Time: 09:30 AM

Location: Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach, FL 33401

## TRIAL INFORMATION:

### THE TRIAL WILL BE SCHEDULED AT THE PRETRIAL CONFERENCE

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Clerk of Court**

By: Dawn Leonard
Deputy Clerk

Dated: February 24, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BANKRUPTCY COURT

IN RE:                                    CASE NO: 09-37434-EPK
                                          Chapter 7

**ANITA MANDAL, M.D.,**
     **Debtor**
-------------------------------/
**ANITA MANDAL, M.D.,**
     **Debtor**
vs

**NEIMAN MARCUS**
-------------------------------/

## COMPLAINT TO DETERMINE DISCHARGABILITY

Debtor, **Anita Mandal**, by and through her undersigned Counsel files this Complaint to Determine Dischargability and alleges as follows:

1.  This is a Chapter 7 proceeding filed by the Debtor on 12/11/09. The Debtor submitted to a 341 meeting and otherwise complied with all of the requirements. The Trustee filed a report of no distribution on or about March 25, 2010 and no objection to the report was made in the no asset case. The proceeding resulted in a discharge on or about 6/3/10.

2.  Subsequently the Debtor determined the creditor identified in this action was inadvertently omitted from the schedules. The debtor is an individual but also maintains a professional practice. The Debtor sought to discharge the individual debtors but not the normal trade debts of her medical practice. This caused some confusion and some of the individual debts of the debtor were inadvertently omitted. The Court entered an order on

December 3, 2010 granting the Debtor's motion to reopen the case under Local Rule 5010-1 (B) solely for the purpose of adding an omitted creditor. This matter resulted in various motions which essentially granted leave through today February 23, 2011 to file this action. This action is timely filed.

3. The Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 157 and § 1334.

4. Venue is proper in the district pursuant to 28 U.S.C. § 1409.

5. This is an adversary proceeding and a core proceeding pursuant to U.S.C. § 157.

6. Pursuant to the Courts Order to Reopen Case to Add Omitted Creditior dated December 3, 2010, the Debtor Anita Mandal files this complaint to determine dischargeability of the claim of debt of the following creditors to wit:

    a.) Neiman Marcus
        Spectracell Laboratories
        10401 Town Park Drive
        Houston TX 77072
        Amount $7000
        Acct No. 43034877712

7. The claims arise out of consumer debts or revolving installment credit card debt.

8. The claims of the creditors are dischargable under 11 U.S.C. §523(a)

Wherefore the Plaintiff, Debtor, Anita Mandal requests this Honorable Court render a determination that the claim of the creditors is dischargeable under 11 U.S.C. §523(a) and

grant any other relief the court deem appropriate and just.

## CERTIFICATE OF SERVICE AND COMPLIANCE

I HEREBY CERTIFY that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that on February 23, 2011, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on the parties on the service list attached either by CM/ECF or by mail as indicated below this February 23, 2011

        Law Offices of Lawrence U. Taube
        Attorney for Debtor
        500 Australian Avenue South, Suite 630
        West Palm Beach, FL 33480
        Telephone: (561) 651-4160
        Facsimile: (561) 651-4161
        Email: larry@larrytaube.com

        BY: **S/LAWRENCE U. TAUBE**
        LAWRENCE U. TAUBE, ESQ.
        Florida Bar No.: 398608

## Service List

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
(305) 536-7285

Neiman Marcus
~~Spectracell Laboratories~~ ONE MARCUS SQUARE
~~10401 Town Park Drive~~ 1618 MAINSTREET
~~Houston TX 77072~~ DALLAS, TX 75201

Form CGFI19 (rev. 12/10/10)



ORDERED in the Southern District of Florida on February 24, 2011



Erik P. Kimball
United States Bankruptcy Judge

## United States Bankruptcy Court
### Southern District of Florida
www.flsb.uscourts.gov

In re:

**Name of Debtor(s):** Anita Mandal

**Case Number:** 09-37434-EPK

_____/

**Anita Mandal**

Plaintiff(s)

**VS.**

**Adversary Number:** 11-01724-EPK

**Neiman Marcus**

Defendant(s)
_____/

### ORDER SETTING FILING AND DISCLOSURE REQUIREMENTS
### FOR PRETRIAL AND TRIAL

To expedite and facilitate the trial of this adversary proceeding, it is:

**ORDERED** as follows:

1. **JURY TRIAL.** Unless each party has timely filed a statement of consent under Local Rule 9015-1(B), not later than ten (10) days before the pretrial conference each party requesting a jury trial on any issue in this proceeding shall file with this court pursuant to Local Rule 5011-1 a motion for withdrawal of the reference of this proceeding. **FAILURE OF ANY PARTY TO FILE A MOTION TO WITHDRAW THE REFERENCE OF THIS PROCEEDING ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE WAIVER BY SUCH PARTY OF ANY RIGHT TO TRIAL BY JURY IN THIS PROCEEDING.**

2. **DISCLOSURES.** Except as otherwise ordered by the court, Rules 26(d)(1) and 26(f), Fed.R.Civ.P., shall not apply to this adversary proceeding. The disclosure requirements of Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed.R.Civ.P., shall apply, but according to the following deadlines:

   a. The initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., shall be made at least thirty (30) days before the pretrial conference.

   b. The disclosure of expert testimony under Rule 26(a)(2), Fed.R.Civ.P., shall be made (i) at least twenty (20) days before the pretrial conference or (ii) within ten (10) days after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness shall, within ten (10) days of the disclosure, but in no event less than five (5) days before the pretrial conference, provide to each opposing party a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed.R.Civ.P.

   c. The pretrial disclosures under Rule 26(a)(3)(A), Fed.R.Civ.P., shall be made no later than the pretrial conference.

   d. All disclosures under Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed.R.Civ.P., shall be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, shall be filed with the court.

3. **DISCOVERY.** All discovery shall be completed not later than ten (10) days before the pretrial conference. The court will allow discovery after that date only upon a showing of good cause.

4. **JOINT PRETRIAL STIPULATION.** If _any_ party is not represented by counsel in this proceeding, this paragraph shall not apply. All parties to this proceeding shall meet not later than ten (10) days prior to the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff shall file the fully executed Joint Pretrial Stipulation no later than one (1) business day prior to the pretrial conference. The court will not accept unilateral statements and will strike _sua sponte_ any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt for failure to comply with this order.

5. **TRIAL DATE.** At the pretrial conference, the court will set the trial of this proceeding.

6. **SPECIAL SETTINGS.** If the attorney(s) trying the case are from outside this district, or the parties or witnesses are from outside this district, or if some other reason exists that justifies a request to the court to specially set trial at a time or date certain, counsel shall request appropriate relief at the pretrial conference.

7. **DOCUMENTS REQUIRED BEFORE TRIAL.**

   a. Each party shall deliver to each opposing party (but not file), so as to be received no later than 4:00 p.m. four (4) business days prior to the pretrial conference, the following documents:

      (1) A set of pre-marked exhibits (including summaries) intended to be offered as evidence at trial. Exhibits tendered by plaintiff(s) shall be marked numerically, and exhibits tendered by defendant(s) shall be marked alphabetically. Exhibits shall be bound in one or more notebooks or contained in one or more folders, with tabs marking each exhibit, and shall be accompanied by an Exhibit Register conforming to Local Form 49.

    (2) With regard to any summary the party will offer in evidence at trial, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

  b. Unless otherwise ordered, each party shall file and deliver, so as to be received no later than 4:00 p.m. two (2) business days prior to the pretrial conference, any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary. The objection must (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made – except for one under Federal Rule of Evidence 402 or 403 – is waived unless excused by the court for good cause.</u>

8. **SWORN DECLARATIONS.** At each party's option, the direct testimony of any witness, except adverse, hostile, or rebuttal witnesses, may be presented by sworn declaration consisting of a succinct written statement of the direct testimony that the witness would be prepared to give if questions were propounded in the usual fashion at trial. If a party offers a sworn declaration in lieu of direct testimony:

  a. The statement shall substantially conform to Local Form 63B and shall be signed by the declarant under penalty of perjury;

  b. Each statement of fact shall be separate, shall be sequentially numbered, and shall contain only facts that are relevant and material to the contested issue before the court, avoiding redundancies, hearsay, and other obviously objectionable statements;

  c. The statement may be referenced as the witness's "sworn declaration of fact;"

  d. The original sworn declaration of fact shall be marked as a proposed exhibit and filed and served as otherwise required by this order;

  e. Objections to any portion of a sworn declaration of fact may be raised at the time the sworn declaration of fact is offered to the court. The witness shall then be sworn and asked if the sworn declaration of fact correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Opposing counsel may then cross-examine the witness. At the conclusion of cross-examination, the party whose witness is on the stand may conduct redirect examination in the usual manner; and

  f. The court may require that direct testimony be provided in the usual manner during trial even if a sworn declaration of fact is offered.

9. **FINAL ARGUMENT.** At the conclusion of the trial, in lieu of final argument, the court may request that each party submit (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment, in word processing format, to an electronic mailbox designated by the court. The filer must include in the "subject" line the case name and number and the date of the relevant hearing.

10. **DISPOSITIVE MOTIONS.** All motions to dismiss and motions for summary judgment shall be filed and served not later than ten (10) days before the pretrial conference and shall comply with Local Rule 7056-1, if applicable. Absent good cause, failure to file and serve such a motion in a timely manner shall constitute waiver of the right to do so. Absent prior permission of the Court, no party shall file any motion to dismiss, motion for summary judgment, or response thereto, exceeding twenty (20) pages in length, and no party shall file any reply exceeding ten (10) pages in length. Title pages preceding the first page of text, signature pages, and certificates of service shall not be counted as pages for purposes of this paragraph.

If a party submits affidavits, declarations, or other materials in support of or in opposition to a motion for summary judgment, then: (A) the movant must serve with the motion all such materials; and (B) the opposing party must serve with the response all such materials in opposition to the motion. Any reply shall be strictly limited to rebuttal of matters raised in the response. Absent prior permission of the Court, in connection with any motion for summary judgment no party shall file affidavits or declarations that exceed twenty (20) pages in the aggregate.

11. **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY.** All papers, including exhibits, submitted to the court must comply with the federal judiciary privacy policy as referenced under LR 5005-1(A)(2).

12. **MEDIATION.** Pursuant to Local Rule 9019-2, the court may order the assignment of this proceeding to mediation at the pretrial conference or at any other time, upon the request of a party or upon the court's own motion.

13. **SETTLEMENT.** If the proceeding is settled, the parties shall submit to the court a stipulation or proposed judgment approved by all parties prior to the date of trial. If a judgment or stipulation is not submitted to the court, all parties shall be prepared to go to trial. If the proceeding is removed from the trial calendar based upon the announcement of a settlement, the proceeding will not be reset for trial if the parties fail to consummate the settlement. In such event, the court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the court did not approve the settlement, in which case the matter will be reset for trial at a later date.

14. **DEFAULT.** If any defendant fails to answer or otherwise respond to the complaint in a timely manner, the plaintiff(s) shall promptly seek entry of a clerk's default pursuant to Bankruptcy Rule 7055(a), and Local Rule 7055-1, and shall move for default judgment. Unless judgment has been entered or the court advises the plaintiff(s) that the pretrial conference has been continued or canceled, the plaintiff(s) shall appear at the pretrial conference.

15. **SANCTIONS.** Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

16. **CONTINUANCES.** Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order shall set forth the status of discovery, including exchange of disclosures required under this order, and shall state the reasons why the party or parties seek a continuance.

17. **SERVICE.** Plaintiff(s)' counsel shall serve a copy of this order on the defendant(s) with the summons and complaint.

# # #

### CLERK'S CERTIFICATE

A copy of this order was furnished to Lawrence U Taube on behalf of the Plaintiff on February 24, 2011.

By: Dawn Leonard
Deputy Clerk